## THE SPRAY.

1. In appeals involving mere question of fact, where the District and Circuit Courts have taken the same view, this court, affirming the decree, contents itself with an announcement of its conclusions, without extended comment on the testimony.
2. A vessel racing in order to enter a harbor before another and preoccupy a loading-place condemned for a collision resulting.

APPEAL from the Circuit Court for the District of California, in a case of collision; the facts being thus:

On the morning of the 4th of March, 1868, the schooners Lane and Spray were proceeding along the coast of California, the Lane bound for Mendocino harbor and the Spray for Little River, a very small harbor, or as it was called in the evidence, a " hole in the coast," about three miles further to the southward. Resort is had by vessels to this place only for the purpose of getting lumber, and the wharfage is so bad that but one vessel can load at a time; considerable detentions as regards vessels not reaching the wharf being the consequence. The Lane was considerably in advance of the Spray. The master of the Lane did not enter Mendocino harbor, as he intended, because of a signal on shore placed there to warn vessels that it would be dangerous to enter the harbor at that time, and accordingly he ran down the coast with the intention of going into Little River. Having accomplished about two-thirds of the distance between the harbors, and finding he was too far in-shore to weather the ledge of rocks which forms the northerly side of the entrance to Little River harbor, he jibed his mainsail and stood off-shore. In doing this his main sheet parted, and thereupon he lowered his mainsail, hoisted his foresail, and stood off under his foresail until he could repair the damage. As soon as this was effected he lowered his foresail, wore his vessel around, and stood directly in for the harbor, under mainsail and jib. At this time he was distant from the shore about one and a half miles, and directly off the entrance to the harbor, and the Spray was distant from

the Lane at least five miles, and running three or four times as fast. The master of the Spray, who, it appeared, mistook the Lane for a vessel called the Ellen Adelia, and which he knew was going, as he was himself, after lumber, did not change her course on account of the Lane, and in passing the outer edge of the ledge of rocks, if not over the reef itself, the Spray, owing to the ground-swell made by the breakers, collided with the Lane, striking the vessel with her stem, about midships. The course of the vessels and their position with reference to each other will be better understood by stating that, after the Lane headed in to the harbor, she sailed on the side of a right-angled triangle, the Spray upon its hypothenuse, and they met where these joined.

The District Court, considering that the collision was caused by an attempt on the part of the Spray to cross the track and get ahead of the Lane, when the latter was too far in advance of her to do so, condemned the Spray, and the Circuit Court affirmed the decree. From that decree this appeal came.

*Mr. T. T. Crittenden, for the appellant; Mr. C. E. White-head, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

This case has been twice adjudged against the appellant. The question presented by the record is purely one of fact, and it is not only clear that the lower courts have done the appellants no wrong, but that the weight and effect of the evidence does not admit of controversy. In such a state of case we do not feel called upon, in order to vindicate our judgment, to make any extended comment on the testimony, nor would it serve any useful purpose to do so. We shall, therefore, content ourselves with stating the conclusions we have reached concerning the case.

It is proved that the Lane was in the channel, pursuing the usual course of vessels entering the harbor, while the Spray took an unusual course to effect her object. In doing this her master jeoparded his own boat, and through the ground-swell caused by the breakers, the Spray was thrown

into the Lane, and produced the injury. But her master had no right, in his eagerness to get ahead of the Lane, to run his boat into breakers, which rendered her unmanageable. It is conceded that the Lane, being in advance, had the prior right to enter the harbor, but it is urged that her conduct in standing off-shore and lowering her mainsail justified the master of the Spray in adopting the conclusion that she did not entertain the purpose of entering the harbor. It may be true, that while the boat was in this condition, a watchful seaman would have been deceived as to her intention, but this cannot be said after she wore round and headed directly for the harbor. This change of course was a notification of the actual purpose of the Lane, and was effected time enough for the master of the Spray, if observant, to have avoided the collision. Instead, however, of going further out into the open sea, as he should have done after this change of course, he continued in the same track he was pursuing, regardless of his own safety or the rights of others. It is a little singular that he should have been in such a hurry to reach the harbor if in good faith he believed the Lane was bound further down the coast. But the theory that he thought the schooner ahead was not going into the Little River is an afterthought. It is clear from the evidence that he supposed this vessel was the Ellen Adelia, and that he knew she was bound for the same port as himself. And it is equally clear that he wanted to get there in advance of her, if he could, so as to obtain the first load. It seems that the principal objects of the boats engaged in the Little River trade is to obtain lumber, and that they are often detained there a considerable length of time for want of proper facilities for loading. Indeed, so limited are these facilities that only one vessel can be loaded at a time, and necessarily the one which arrives first is served first. With knowledge of this condition of things, and for the purpose of securing the prior right, the master of the Spray ventured upon dangerous ground in order to cut across the schooner, and must suffer the consequences of his own recklessness.

JUDGMENT AFFIRMED.